UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICHI WU,<br><br>            Plaintiff,<br><br>    v.<br><br>DYLAN SULLIVAN, *et al.*,<br><br>            Defendant. | Case No.  2:25-cv-0164-DC-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff alleges that he was wrongfully evicted following an unlawful detainer action. This court lacks jurisdiction over plaintiff's claims, and therefore the complaint should be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

1   require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
2   662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
3   possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
4   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
5   1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
6   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
7   n.2 (9th Cir. 2006) (en banc) (citations omitted).

8       The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
9   U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
10  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
11  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
12  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
13  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
14  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

15  **Analysis**

16      Plaintiff alleges that, following an unlawful detainer action, he was wrongfully evicted
17  from his residence. ECF No. 1 at 5, 7. He blames this wrongful eviction on defendants Superior
18  Court Judge Dyllan Sullivan; Judge Sullivan's clerk, Shelly Howe; El Dorado County Sheriff
19  Carpenter; and plaintiff's former employer and the owner of the residence, Emig Ordonez. *Id.* at
20  1-3. The complaint neither articulates a specific act of wrongdoing by any of the parties nor
21  identifies any wrongdoing that occurred during the unlawful detainer action; instead, it details
22  how plaintiff has suffered since his eviction. Additionally, it appears that plaintiff filed an action
23  in the El Dorado County Superior Court in December 2024 alleging similar claims. *Id.* at 14-15.

24      At its core, plaintiff's complaint is a challenge to both the state court judgment in the
25  unlawful detainer action and the subsequent enforcement of the judgment, which came in the
26  form of his eviction. This court does not have jurisdiction to review the state court decision that
27  plaintiff seeks to challenge. Under the *Rooker-Feldman* doctrine, federal courts cannot adjudicate
28  constitutional claims that "are inextricably intertwined with the state court's denial in a judicial

1    proceeding of a particular plaintiff's application [for relief]." *D.C. Court of Appeals v. Feldman*,
2    460 U.S. 462, 483 n.16 (1983); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.
3    2003). The doctrine bars federal courts from adjudicating claims that seek to redress an injury
4    allegedly resulting from a state court decision, even if the party contends that the state judgment
5    violated his or her federal rights. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013); *see*
6    *Feldman*, 460 U.S. at 486 ("[District courts] do not have jurisdiction . . . over challenges to state
7    court decisions in particular cases arising out of judicial proceedings even if those challenges
8    allege that the state court's action was unconstitutional.").
9         Plaintiff's request that this court invalidate the state court's order is squarely prohibited by
10   *Rooker-Feldman*. "The issue of enforcing an unlawful detainer judgment is inextricably
11   intertwined with the judgment itself." *Iula v. Voos*, No. 23-CV-2277 JLS (AHG), 2024 WL
12   171395, at *7 (S.D. Cal. Jan. 16, 2024) (citation omitted). Plaintiff effectively asks this court to
13   "review the final determinations of a state court in judicial proceedings," which is at the core of
14   *Rooker-Feldman*'s prohibition. *In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000); *see Richards*
15   *v. Mercy Hous. Cal.*, No. C 12-00234 JW, 2012 WL 174186, at *2 (N.D. Cal. Jan. 18, 2012)
16   ("[I]nsofar as [she] requests that the Court 'stop' the eviction," the plaintiff is unavoidably
17   "seeking relief from the state court judgment."). Accordingly, the complaint's claims are barred.
18        Given that the jurisdictional deficiencies cannot be cured by amendment, I recommend
19   dismissal without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)
20   (holding that while the court ordinarily would permit a pro se plaintiff leave to amend, leave to
21   amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*,
22   658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is
23   proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by
24   amendment.") (internal quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.
25   2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if
26   a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint
27   lacks merit entirely.").
28

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend for want of subject matter jurisdiction.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 12, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE